David L. Mazaroli
Attorney for Plaintiff
250 Park Ave. – 7th Floor
New York, NY 10177
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

-----------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, | : | ECF CASE |
| Plaintiff, | : | |
| | | 18 Civ. 7347 |
| - against - | : | |
| EXPEDITORS INTERNATIONAL OCEAN; EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.; M/V "NORTHERN JUSTICE", her engines, tackle, boilers, etc.; | : | **COMPLAINT** |
| | : | |
| Defendants. | | |

-----------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendants upon information and belief:

## FIRST CAUSE OF ACTION

**(Breach of Contract and of Duties Under COGSA, 46 U.S.C. § 30701)**

1.　　This action arises from damage to cargo carried by defendants under a bill of lading identifying the port of discharge as New York, NY.

2.　　This action includes admiralty and maritime claims within the meaning of Fed. R. Civ. P. Rule 9(h) with respect to the carriage of the subject cargo by sea and falls within the Court's federal question, pendent, ancillary, and/or supplemental jurisdiction as to the remaining aspects of the claim.

3. Plaintiff seeks recovery for cargo damage caused by defendants' breaches of contract and torts.

4. Plaintiff Federal Insurance Co. ("Federal") sues herein as subrogated insurer of the cargo, having paid the insurance claim of Armstrong Flooring, Inc. [not a party to this action] who was at all material times the purchaser, owner, and consignee of the Shipment and a Merchant as defined in the subject bill of lading.

5. Defendants Expeditors International Ocean and Expeditors International of Washington, Inc. (jointly "Expeditors" or "defendants") are believed to be corporations or other business entities organized under the laws of certain of the fifty states.

6. Upon information and belief Expeditors has a registered agent c/o Registered Agent Solutions, Inc. 99 Washington Avenue. Suite 1008, Albany, New York, 12260.

7. This Court has jurisdiction over Expeditors who contracted to carry the Shipment on a door delivery basis by way of the port of New York and conducts business as a common carrier of cargo for hire and as a provider of services related thereto on a worldwide basis, including with respect to shipments to, from, and through the Port of New York, and/or on behalf of business entities domiciled in New York. At all material times defendants were Carriers in accordance with the Carriage of Goods by Sea Act ("COGSA") § 4(5), Ch. 229, 49 Stat. 1207 (1936), *reprinted in* note following 46 U.S.C. § 30701, and as defined in their respective bill of lading terms.[1]

---

[1] Expeditors, a non-vessel operation common carrier, is believed to be the principal on an Ocean Transportation Intermediary Bond on file with the Federal Maritime Commission.

8. Upon information and belief the captioned vessel is now, or will be during the pendency of this action, within the admiralty and maritime jurisdiction of this Honorable Court or is otherwise subject to jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2).

9. This action involves damage, including wetting and related damage, to part of a shipment of flooring materials in 337 cartons carried in three carrier-provided containers which moved on a door-delivery basis from Shanghai, China, to the Lancaster, PA, by way of the Port of New York aboard the M/V "NORTHERN JUSTICE" Voyage 724E, as described more fully in Expeditors International Ocean Sea Waybill 6395196481 dated on or about June 23, 2017, and others. [Expeditors claim# 17-206079] (hereinafter "the Shipment")

10. The Shipment was tendered in good order and condition to defendants, or entities acting on their behalf, at or near Shanghai.

11. At the time of delivery by defendants at the place of delivery in the United States, the Shipment was in damaged condition and there was evidence that water had entered into two of the three containers during defendants' period of custody.

12. The damage to the Shipment included wetting damage caused by the ingress of water into containers CNSU2005910 and CNSU2065930. Said wetting damage rendered part of the Shipment unfit for intended distribution, sale and/or end-use.

13. The aforesaid damage was caused by defendants' breaches of their duties under COGSA and the general maritime law as well as their reckless failure to properly load, stow, carry, protect, store, care for and deliver the Shipment and the unseaworthiness of the carrying vessel and containers.

14.     As a result of the aforesaid, defendants are liable to plaintiff as common carriers, bailees and/or warehousemen for hire for damages in the amount of $85,646.08, plus incidental expenses, in addition to interest and costs.

15.     Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

## SECOND CAUSE OF ACTION

**(Breach of Warranties and Nondelegable Cargoworthiness Duties)**

16.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 15 of this complaint.

17.     The M/V "NORTHERN JUSTICE" was at all material times an ocean-going containership with fixed cell guides and was designed to carry cargo in truck-size intermodal containers which serve as extensions of the holds of the vessel.

18.     Defendants' statutory duties, contractual obligations, and warranties under the general maritime law included the nondelegable duty to provide and care for seaworthy and cargoworthy ocean shipping containers fit in every respect to carry the cargo which defendants contracted to transport.

19.     For the Shipment defendants provided to the cargo shipper containers which were part of their (or a subcontractor's) fleet of rented, leased, or owned containers.

20.     Defendants, or subcontractor entities acting on their behalf, were at all material times responsible for the maintenance, upkeep and repair of the subject containers.

21. The aforementioned containers provided by or on behalf of defendants were neither cargoworthy nor seaworthy and were not fit to carry the Shipment because they was structurally unsound, inadequately maintained, and improperly repaired and failed to protect the cargo carried therein from exposure to moisture, mold and wetting during the period of custody of defendants and entities acting on its behalf.

22. During the period of defendants' custody, the cargo carried in said container was exposed to wetting and related damage as a result of the ingress of water into said container.

23. This water ingress, and the resulting development of mold, odors and other adverse conditions, caused damage to the Shipment and rendered it unfit for intended distribution, sale, and usage.

24. The claimed damage was caused in whole or in part by the unseaworthy and uncargoworthy condition of the subject ocean shipping containers provided by or on behalf of defendants and/or due to mishandling of said containers by defendants, or entities acting on their behalf, during the subject multimodal transportation.

25. Accordingly, defendants are jointly and severally liable to plaintiff as a result of the breaches of their nondelegable duties and breaches of warranties with respect to the subject ocean shipping containers.

26. As proximate result of the foregoing plaintiff and those on whose behalf it sues has sustained damages in the amount of $85,646.08 plus incidental expenses, interest and costs.

WHEREFORE, plaintiff demands judgment against the above-captioned defendants jointly and severally, in the amount of $85,656.08 plus incidental expenses,

reasonable attorneys fees, prejudgment interest at the rate of 6% per annum, and the costs of this action. Plaintiff also requests that the Court issue its process against the aforesaid vessel *in rem* and award for such other and further relief as warranted by justice.

Dated:	New York, New York
	August 14, 2018

            LAW OFFICES,
            DAVID L. MAZAROLI

            *s/David L. Mazaroli*
            _____
            David L. Mazaroli
            Attorney for Plaintiff
            11 Park Place - Suite 1214
            New York, New York 10007
            Tel: (212)267-8480
            Fax: (212)732-7352